United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE D. IRBY, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-05790 DMR<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA** |

    Defendants Andre D. Irby and Kathy Martinez ("Defendants") removed this case pursuant to 28 U.S.C. § 1441 from Alameda County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant. The Notice of Removal states one ground for removal: that the Complaint presents a federal question such that the case could have originally been filed in this court. (Notice of Removal ¶¶ 6, 10.) When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Plaintiff Federal National Mortgage Association and Defendants have both consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**I. Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendants' Notice of Removal, a federal question arises because Defendants' answer "depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal ¶ 10.) The complaint that Plaintiff filed in Alameda County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (Compl.) Whatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction.

## II. Conclusion

For the reasons above, the court REMANDS this action to the Alameda County Superior Court.

IT IS SO ORDERED.

Dated: January 10, 2012



_____
DONNA M. RYU
United States Magistrate Judge

2